## 29751.   HOLMES *v.* SIBLEY.

DECIDED OCTOBER 9, 1942.

134

136

*W. B. Mitchell,* for plaintiff in error.

FELTON, J. (After stating the foregoing facts.)

1. The following charge was excepted to: "If you believe, gentlemen of the jury, that the plaintiff has established his case, as is alleged, by a preponderance of the evidence, it would be your duty to find a verdict for the plaintiff against the defendant. If, on the other hand, you do not believe that the plaintiff has made out his case by a preponderance of the evidence, then he would not be entitled to recover against the defendant, and it would be your duty to look further into the claim of the defendant and determine whether or not he, the defendant, has overpaid the plaintiff the sum which he claims of $150, and whether or not, as a counterclaim, the defendant is entitled to have a judgment for that amount against the plaintiff." The grounds of alleged error are as follows: "(a) The charge tended to mislead the jury into believing that the jury either had to find a verdict in favor of the plaintiff or find a verdict in favor of the defendant on the counterclaim. (b) The charge calculated to mislead the jury into believing that they could not find a verdict for the defendant unless they found a verdict for the defendant on his counterclaim. (c) The above charge was erroneous because it limited the issues of the defense of movant in that a verdict could not be rendered on the plain basis that plaintiff failed to make out his case." The charge was not error for any reason assigned. The jury could render only one of two verdicts under the evidence and the charge of the court. The evidence showed that the defendant owed the plaintiff the amount sued for or that the plaintiff owed the defendant $150 overpayment. The court charged the jury that if they found that the defendant had overpaid the plaintiff they should find for the defendant in the amount overpaid. He authorized such a finding for the defendant without any qualification as to how the overpayment was made, whether voluntarily, under duress, by mistake, or otherwise.

2. Error is assigned on the failure of the court to charge the jury that if the plaintiff failed to make out his case by a preponderance of the evidence and the defendant failed to make out his counterclaim by a preponderance of the evidence it would

be their duty to find in favor of the defendant. It was not error to fail to so charge for the reasons stated in the foregoing division of this opinion.

3. Error is assigned on the failure of the court to charge on voluntary payment, in that the testimony of movant that he was not forced to pay the overpayment of $150 by any fraud or duress on the part of the plaintiff in attachment authorized the jury to find that the payment was voluntary, and the jury could have found in favor of the defendant without finding a verdict on his counterclaim. There is no merit in this contention. If the movant is correct in saying that the charge given on overpayment was incorrect, it was beneficial rather than harmful to the movant, in that it authorized the movant to recover the overpayment under circumstances where he himself contends he would not be entitled to it.

4. The last exception is a repetition of others already discussed, and is without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sulton, J., concur.*